```
THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff
```

```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOSEPH DiBUONAVENTURA, | : | |
| | : | |
| Plaintiff, | : | NO. 1:17-cv-5120 (JHR) |
| v. | : | |
| | : | |
| SEAN F. DALTON and RAFAEL MUNIZ, in their individual and official capacities, | : | *Civil Action* |
| | : | |
| Defendants. | : | |

**PLAINTIFF JOSEPH DIBUONAVENTURA'S RESPONSE TO
DEFENDANT MUNIZ'S STATEMENT OF MATERIAL FACTS**

1. Admitted. To the extent this fact is a summary statement of the facts alleged in paragraphs 2 through 7 of Defendant Muniz's Statement of Facts, it is admitted.

2. Admitted. It is admitted that Exhibit 1 identified and attached to the Statement of Facts is a Complaint filed by Plaintiff on October 15, 2013. As to the description of the matters addressed in the Complaint, it speaks for itself.

3. Admitted. As to the description of the matters addressed in the Complaint and orders, said documents speaks for itself.

4. Admitted. It is admitted that Exhibit 5 identified and attached to the Statement of Facts is a Complaint filed by Plaintiff on or about March 3, 2017. As to the description of the matters addressed in the Complaint, it speaks for itself.

5. Admitted in part; denied in part. It is admitted that this matter was initiated by complaint filed in the Superior Court on June 15, 2017 for the claims enumerated therein.

6. Admitted in part, denied in part. It is admitted that Exhibit 7 identified and attached to the Statement of Facts is a Second Amended Complaint filed by Plaintiff on or about November 6, 2017. As to the description of the matters and claims addressed in the Complaint, it speaks for itself.

7. Admitted..

8. Admitted. *See also* Plaintiff's Counter-Statement of Facts, ¶¶1-2.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied. The statement in this paragraph is a conclusion of law to which no responsive pleading is required. By way of further answer, the complaint speaks for itself.

14. Admitted. It is admitted that Plaintiff arrested Paul Moriarty on July 31, 2012 for DUI and Refusal.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted in part, denied in part. It is admitted that the Washington Township Police Department ("WTPD") ordered Plaintiff to remain suspended without pay pending further action on an administrative investigation. It is denied that at any time WTPD had authority to proceed with an administrative investigation in Plaintiff's arrest of Moriarty. By way of further answer, WTPD's order to continue Plaintiff's suspension without pay was improper and unlawful. *See* Plaintiff's Counter-Statement of Facts, ¶3.

19. Admitted. By way of further answer, the complaint speaks for itself.

20. Admitted. By way of further answer, the complaint speaks for itself.

21. Admitted. By way of further answer, the complaint speaks for itself.

22. Admitted. By way of further answer, the complaint speaks for itself.

23. Admitted. By way of further answer, the complaint speaks for itself.

24. Admitted. By way of further answer, the complaint speaks for itself.

25. Admitted that the Complaint in part is quoted correctly. By way of further answer, the complaint speaks for itself.

26. Admitted that the Complaint in part is quoted correctly. By way of further answer, the complaint speaks for itself.

27. Admitted that the Complaint in part is quoted correctly. By way of further answer, the complaint speaks for itself.

28. Admitted that the Complaint in part is quoted correctly. The cited provision is a conclusion of law as set forth in the Count II in Plaintiff's complaint. By way of further answer, the complaint speaks for itself.

29. Admitted that the Complaint in part is quoted correctly. The cited provision is a conclusion of law as set forth in the Count IV in Plaintiff's complaint. By way of further answer, the complaint speaks for itself.

30. Admitted that the Complaint in part is quoted correctly. The cited provision is a conclusion of law as set forth in the Count IV in Plaintiff's complaint. By way of further answer, the complaint speaks for itself.

31. Denied. Defendant's characterization of Plaintiff's claim is denied as a conclusion of law.

32. Admitted. It is admitted Plaintiff's factual assertions include the allegation Muniz's initiation and supervision of the internal affairs investigation was unlawful under the Attorney General guidelines. By way of further response, Muniz's

4

participation was in direct violation of the Plaintiff's right to a fair and impartial investigation and administrative process. Plaintiff also pleads that Muniz was prohibited by the Attorney General from proceeding with any role in that investigation and administrative process, and his conduct violated that prohibition. Plaintiff also asserts Muniz engaged in a pattern of conduct designed to assist Moriarty and cause harm to Plaintiff based on political motivation.

    33. Admitted. It is admitted Plaintiff's factual assertions include the claim Plaintiff was the victim of a results-driven investigation which led to charges against him which were approved by Muniz and which led to Plaintiff's termination. By way of further response, Muniz's participation was in direct violation of the Plaintiff's right to a fair and impartial investigation and administrative process. Plaintiff also pleads that Muniz was prohibited by the Attorney General from proceeding with any role in that investigation and administrative process and his conduct violated that prohibition. Plaintiff also asserts that Muniz engaged in a pattern of conduct designed to assist Moriarty and cause harm to Plaintiff based on political motivation.

    34. Admitted. It is admitted that Plaintiff's factual assertions include such a statement. By way of further response, Muniz's participation was in direct violation of Plaintiff's right to a fair and impartial investigation and administrative process.

Plaintiff also pleads Muniz was prohibited by the Attorney General from proceeding with any role in that investigation and administrative process, and his conduct violated that prohibition. Plaintiff also asserts Muniz engaged in a pattern of conduct designed to assist Moriarty and cause harm to Plaintiff based on political motivation.

|  |  |
|---|---|
|  | THE VIGILANTE LAW FIRM, P.C.<br>*Attorneys for Plaintiff,*<br>*Joseph DiBuonaventura*<br>By: /s/ Jacqueline M. Vigilante<br>Jacqueline M. Vigilante, Esquire<br>Attorney I.D. #030961988 |
| Date:  December 3, 2018 | 99 North Main Street<br>Mullica Hill, NJ 08062<br>856-223-9990<br>jacci@thevigilantelawfirm.com |