```
THE VIGILANTE LAW FIRM, P.C.
By: Jacqueline M. Vigilante, Esquire
Attorney I.D. No. 030961988
99 North Main Street
Mullica Hill, NJ 08062
856-223-9990
Attorneys for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH DiBUONAVENTURA, | |
| Plaintiff, | NO. 1:17-cv-5120 (JHR) |
| v. | |
| SEAN F. DALTON and RAFAEL MUNIZ, in their individual and official capacities, | *Civil Action* |
| Defendants. | |

**PLAINTIFF JOSEPH DIBUONAVENTURA'S COUNTERSTATEMENT OF MATERIAL FACTS**

1. On January 19, 2018, Plaintiff filed an appeal of the decision of the Superior Court of New Jersey, Law Division, affirming his employment termination. The appeal is pending. (Exhibit A, Notice of Docketing of Appeal, January 22, 2018).

2. Plaintiff's appeal raises the following issues:

    a. The *De Novo* Court's finding on the critical and predicate issue of whether Plaintiff had a personal animus against Paul Moriarty was not based on the credible and substantial evidence in the record;

    b. The *De Novo* Court failed to consider and evaluate the substantial evidence in the record, compelling

  Plaintiff's immediate action in pursuing and stopping a suspected drunk driver, as mandated by law and the Attorney General guidelines;

  c. The *De Novo* Court failed to apply the governing legal standards to Plaintiff's police enforcement action that rendered the stop and arrest lawful and reasonable;

  d. The *De Novo* Court failed to notice and evaluate the substantial and credible evidence rendering any finding of misconduct objectively unreasonable and which proved the Washington Township Police Department's failure to establish guilt to the credible preponderance of the evidence.

  (Exhibit C, Notice of Appeal, January 19, 2018.)

 3. In response to Plaintiff's Verified Complaint seeking temporary restraints, the Superior Court, Law Division granted Plaintiff's requested relief in part, determining the unpaid suspension beginning March 3, 2015 was improper and ordering Plaintiff's suspension to be paid from the date of acquittal until the date of administrative charges. (Exhibit B, Amended Order, May 21, 2015.)

 4. Defendant Rafael Muniz recognized his relationship with Paul Moriarty could give rise to the appearance of a conflict of interest and may prevent a fair investigation. As a result, Muniz submitted a request to Defendant Sean Dalton to take over the

2

investigation. (Exhibit D, letter Rafael Muniz to Sean Dalton, August 13, 2012.)

5.    Defendant Sean Dalton submitted Muniz's request to the New Jersey Attorney General's office which confirmed the Internal Affairs investigation should be handled by the Gloucester County Prosecutor's Office, not the municipal police department. The Internal Affairs investigation was supposed to be stayed while the underlying charges against Paul Moriarty were tried according to the Attorney General. (Exhibit E, letter NJ Attorney General to Sean Dalton, September 4, 2012.)

6.    Following Plaintiff's acquittal on all criminal charges, Defendant Muniz emailed Defendant Dalton on March 6, 2015 requesting permission to pursue an Internal Affairs administrative action, from which he had been removed due to the conflict of interest.  Dalton immediately granted that request and turned the Internal Affairs investigation over to Muniz. (Exhibit F, email to/from Muniz and Dalton, March 6, 2015.)

7. Plaintiff initiated the claims set forth in this Action in the same court in which the CEPA complaint was pending. Defendant removed this matter to federal court.

<br>

|  |  |
|---|---|
|  | THE VIGILANTE LAW FIRM, P.C.<br>*Attorneys for Plaintiff,*<br>*Joseph DiBuonaventura* |
| Date:  Dec. 3, 2018 | By: /s/ Jacqueline M. Vigilante<br>Jacqueline M. Vigilante, Esquire<br>Attorney I.D. #030961988<br>99 North Main Street<br>Mullica Hill, NJ 08062<br>856-223-9990<br>856-494-1400 f<br>jacci@thevigilantelawfirm.com |