**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH DIBUONAVENTURA, | |
| Plaintiff, | Civil Action No. 1:17-cv-05120 |
| v. | |
| SEAN DALTON, RAFAEL MUNIZ, in their individual capacities | ELECTRONICALLY FILED |
| Defendants. | |

**DEFENDANT SEAN DALTON'S RESPONSE TO PLAINTIFF'S
COUNTERSTATEMENT OF MATERIAL FACTS**

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
(856) 795-2121

Attorneys for Defendant Sean Dalton

By:   JOHN C. CONNELL, ESQUIRE
        LAURA LINK, ESQUIRE
        DANIEL J. DEFIGLIO, ESQUIRE

Pursuant to Fed. R. Civ. P. 56 and L. Civ. R. 56.1, Defendant, Sean Dalton,

submits this Response to Plaintiff's Counterstatement of Material Facts that was

submitted by Plaintiff in opposition to Defendant Dalton's pending Motion for

Summary Judgment:

1.    Admitted.

2.a - 2.d. Admitted.

3.    It is admitted only upon information and belief that the Amended

Order executed by the Honorable David W. Morgan, J.S.C., dated May 21, 2015,

attached as Exhibit B to the Certification of Counsel submitted on Plaintiff's behalf

in opposition to the pending motion appears to be accurate and is a document

which speaks for itself.

4.    It is admitted only that a true and accurate copy of a letter sent by

Defendant Muniz to Defendant Dalton, dated August 13, 2012, is attached as

Exhibit D to the Certification of Counsel submitted on Plaintiff's behalf in

opposition to the pending motion and that said document speaks for itself.

Plaintiff's characterization of that document and the remaining allegations set forth

in Paragraph 4 are denied as stated.

5.    It is admitted only that Defendant Dalton notified the Chief of the

Prosecutor's Supervision & Coordination Bureau of the substance of the August

13, 2012 letter that Chief Muniz had sent to Defendant Dalton and that the Chief

responded via letter dated September 4, 2012, a true and accurate copy of which is

attached as Exhibit E to the Certification of Counsel submitted on Plaintiff's behalf

in opposition to the pending motion.  Said documents speak for themselves, and

Plaintiff's characterizations of those documents as well as the other allegations set

forth in Paragraph 5 are denied as stated.

      6.     It is admitted only that a true and accurate copy of an email exchange

between Defendant Muniz and Defendant Dalton on March 6, 2015 is attached as

Exhibit F to the Certification of Counsel submitted on Plaintiff's behalf in

opposition to the pending motion and that said document speaks for itself.

Plaintiff's characterization of that exchange and the remaining allegations set forth

in Paragraph 6 are denied as stated.

      7.     Admitted.

      8.     Admitted.

      9.     Admitted.

      10.    Admitted.

      11.    It is admitted only that Defendant Dalton submitted a letter, dated

August 16, 2012, to the Chief of the Prosecutor's Supervision & Coordination

Bureau of the Division of Criminal Justice pertaining to the handling of the

criminal investigation that arose from the Internal Affairs complaint filed by Paul

Moriarty against Plaintiff and that said document speaks for itself.  Plaintiff's

characterization of that letter and the remaining allegations set forth in Paragraph

11 are denied as stated.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation

Attorneys for Defendant Sean Dalton

By:/s/ *Laura Link, Esquire*
     John C. Connell, Esquire
     Laura Link, Esquire
     Daniel J. DeFiglio, Esquire

Dated: December 10, 2018
215613413v1